IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMIE SMITH                                                                        PLAINTIFF

v.                           Civil No. 04-4133

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                              DEFENDANT

### MEMORANDUM OPINION

Jimmie Smith (hereinafter "Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her application for supplemental security income (hereinafter "SSI") benefits pursuant to *§ 1602* of Title XVI, *42 U.S.C. § 1381a*.

Plaintiff was 27 years of age at the time of the November 5, 2003 administrative hearing (T. 44, 669-682). Plaintiff has the equivalent of a high school education, attended classes at a community college, and obtained a certificate as a certified nurses aid (hereinafter "CNA") (T. 70). She last worked at the front desk of a hotel (T. 73-74). Plaintiff protectively filed her application for SSI benefits on October 3, 2002, alleging that she became disabled on March 30, 2001 (T. 44, 45).

Plaintiff alleges an inability to work due to the following alleged disabling impairments: depression; neck pain; back pain; fibromyalgia; fatigue; nausea; anxiety; headaches; loss of balance; loss of concentration; shoulder pain; knee pain; arthritis; and, various injuries by history of March 2001 motor vehicle accident.

The Social Security Administration denied plaintiff's application initially and upon reconsideration. Plaintiff then requested and received a hearing before an Administrative Law

Judge (hereinafter "ALJ"), which hearing was held on November 5, 2003. The ALJ rendered a decision adverse to Plaintiff on May 10, 2004 (T. 14-20).

The Plaintiff then petitioned the Appeals Council for review on June 2, 2004 (T. 9-10). The Appeals Council denied review on August 31, 2004 (T. 6-8), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that unfavorable decision (Doc. # 1, 9). This matter is before the undersigned by consent of the parties (Doc. #4).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000)*. Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000)*. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if

not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926.* If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d).* If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e).* If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f).* If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege a mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a).*

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d).* Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e).* Such documentation, as referred to within the regulations, shall be referred to herein as the PRT factors.

**Discussion:**

AO72A
(Rev. 8/82)

The ALJ evaluated the plaintiff's claim according to the five-step sequential analysis prescribed by the social security regulations. See *20 C.F.R. §§ 404.1520(a)-(f);* see also *Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step analysis). At the first step, the ALJ found the plaintiff had not engaged in substantial gainful activity since her alleged onset date (T. 16). At the second and third steps, the ALJ determined that the plaintiff had severe, medically determinable impairments[1], but none of her impairments meets or is the medical equivalent of a listed impairment (T. 16). At the fourth step of the sequential analysis, the ALJ determined that Plaintiff maintained the "residual functional capacity to perform the full range of light work" along with the mental ability "to perform at least simple, routine, unskilled work tasks" (T. 16, 20). Because the ALJ determined that Plaintiff had no past work that meets the definition of 'past relevant work', the ALJ proceeded to step five of the sequential analysis. At step five, the ALJ relied on the Medical Vocational Guidelines, hereinafter "the grids," to find that there are jobs in the national economy to which Plaintiff can adjust and/or perform (T. 19, 20).

On appeal, Plaintiff advances several arguments[2] in support of her theory that the Commissioner's decision should be reversed. Indeed, Plaintiff's argument that the ALJ erred in failing to conduct a PRT analysis has merit.

The relevant criteria for evaluation of mental impairments is set forth in *20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 12.00 and 20 C.F.R. § 416.920a*. With respect to Plaintiff's

---

[1]The impairments the ALJ determined to be severe include Plaintiff's back pain, neck pain, headaches and depression (T. 16).

[2]See Doc. #9, pp. 1-2, 11, 14, 16, 17, 18, 26, 28, 29-31, 33.

AO72A
(Rev. 8/82)

severe mental impairment, depression, the criteria used for the listed mental impairments is found at *20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 12.04.*

*Listing 12.00* provides in relevant part:

C. Assessment of severity. We measure severity according to the functional limitations imposed by your medically determinable mental impairment(s). We assess functional limitations using the **four criteria** in paragraph B of the listings: **Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation**. Where we use "marked" as a standard for measuring the degree of limitation, it means more than moderate but less than extreme. A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis. See §§ 404.1520a and 416.920a.

(emphasis added).

After the ALJ determines the extent of the four criteria above, the ALJ must then document those findings as stated below:

(a) General. The steps outlined in §§ 416.920 and 416.924 apply to the evaluation of physical and mental impairments. In addition, **when we evaluate the severity of mental impairments** for adults (persons age 18 and over) and in persons under age 18 when Part A of the Listing of Impairments is used, **we must follow a special technique at each level in the administrative review process**. We describe this special technique in paragraphs (b) through (e) of this section. Using this technique helps us:

(1) Identify the need for additional evidence to determine impairment severity;

(2) Consider and evaluate functional consequences of the mental disorder(s) relevant to your ability to work; and

(3) Organize and present our findings in a clear, concise, and consistent manner.

(b) Use of the technique.

(1) Under the special technique, we must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s). See § 416.908 for more information about what is needed to show a medically determinable impairment. If we determine

that you have a medically determinable mental impairment(s), we must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document our findings in accordance with paragraph (e) of this section.

(2) We must then rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of this section and record our findings as set out in paragraph (e) of this section.

(c) Rating the degree of functional limitation.

(1) Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication, and other treatment.

(2) We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function. See 12.00C through 12.00H of the Listing of Impairments in appendix 1 to subpart P of part 404 of this chapter for more information about the factors we consider when we rate the degree of your functional limitation.

(3) **We have identified four broad functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. See 12.00C of the Listing of Impairments**.

(4) When we rate the degree of limitation in the first three functional areas (activities of daily living; social functioning; and concentration, persistence, or pace), we will use the following five-point scale: None, mild, moderate, marked, and extreme. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following four-point scale: None, one or two, three, four or more. The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity.

(d) Use of the technique to evaluate mental impairments. After we rate the degree of functional limitation resulting from your impairment(s), we will determine the severity of your mental impairment(s).

AO72A
(Rev. 8/82)

(1) If we rate the degree of your limitation in the first three functional areas as "none" or "mild" and "none" in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities (see § 416.921).

(2) **If your mental impairment(s) is severe, we must then determine if it meets or is equivalent in severity to a listed mental disorder. We do this by comparing the medical findings about your impairment(s) and the rating of the degree of functional limitation to the criteria of the appropriate listed mental disorder.** We will record the presence or absence of the criteria and the rating of the degree of functional limitation on a standard document at the initial and reconsideration levels of the administrative review process, or in the decision at the administrative law judge hearing and Appeals Council levels (in cases in which the Appeals Council issues a decision). See paragraph (e) of this section.

(3) **If we find that you have a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing, we will then assess your residual functional capacity.**

(e) **Documenting application of the technique**. At the initial and reconsideration levels of the administrative review process, we will complete a standard document to record how we applied the technique. **At the administrative law judge hearing and Appeals Council levels (in cases in which the Appeals Council issues a decision), we will document application of the technique in the decision**.

(1) At the initial and reconsideration levels, except in cases in which a disability hearing officer makes the reconsideration determination, our medical or psychological consultant has overall responsibility for assessing medical severity. The disability examiner, a member of the adjudicative team (see § 416.1015), may assist in preparing the standard document. However, our medical or psychological consultant must review and sign the document to attest that it is complete and that he or she is responsible for its content, including the findings of fact and any discussion of supporting evidence. When a disability hearing officer makes a reconsideration determination, the determination must document application of the technique, incorporating the disability hearing officer's pertinent findings and conclusions based on this technique.

(2) At the administrative law judge hearing and Appeals Council levels, the **written decision issued by the administrative law judge** or Appeals Council **must incorporate the pertinent findings and conclusions based on the technique**. The decision must show the significant history, including

examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

(3) If the administrative law judge requires the services of a medical expert to assist in applying the technique but such services are unavailable, the administrative law judge may return the case to the State agency or the appropriate Federal component, using the rules in § 416.1441, for completion of the standard document. If, after reviewing the case file and completing the standard document, the State agency or Federal component concludes that a determination favorable to you is warranted, it will process the case using the rules found in § 416.1441(d) or (e). If, after reviewing the case file and completing the standard document, the State agency or Federal component concludes that a determination favorable to you is not warranted, it will send the completed standard document and the case to the administrative law judge for further proceedings and a decision.

20 CFR § 416.920a (emphasis added).

Here, the ALJ failed to comply with the requirements as set forth above. The ALJ failed to include any mention of the four areas required to be addressed in the PRT analysis. The ALJ stated:

> While there is evidence of a depressive syndrome, the claimant does not exhibit the functional restrictions required by the "B" criteria in Listing 12.04. Even considering the combination of her impairments, the level of severity does not equal that contemplated for any Appendix 1 impairment.

(T. 16).

Such analysis is insufficient. The ALJ fails to document his findings of whether Plaintiff's depression has no, mild or marked impact upon her: activities of daily living; social function; or, concentration, persistence and pace. The decision is also devoid of any mention of whether Plaintiff has ever experienced any episodes of decompensation in a work setting.

-8-

AO72A
(Rev. 8/82)

We question the adequacy of the ALJ's analysis of Plaintiff's mental impairments. No PRT analysis or documentation was included within or attached to the ALJ's decision. Under Social Security regulations, completion of such analysis, and documentation thereof, is required when evidence of a medically determinable mental impairment has been presented. See *Pratt v. Sullivan, 956 F.2d 830, 834 (8th Cir.1992)*.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991)*.

In light of the undersigned's decision to remand based upon the insufficient PRT analysis and documentation, all other issues raised by Plaintiff are rendered moot and are not addressed.

**Conclusion:**

Accordingly, we conclude that the decision of the ALJ herein, denying benefits to the Plaintiff, is not supported by substantial evidence of record, and should be reversed. This matter should be remanded to the Commissioner for reconsideration consistent with this opinion.

ENTERED this 26th day of October, 2005.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)