IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMIE M. SMITH                                                          PLAINTIFF

　　　　　v.                          Civil No. 04-4133

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                  DEFENDANT

## MEMORANDUM OPINION

　　　　Plaintiff, Jimmie Smith, appealed to this Court from the denial of supplemental

security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security

Administration (hereinafter "Commissioner").  On October 26, 2005, the undersigned

remanded this matter to the Commissioner, *42 U.S.C. § 405(g)* (Doc. #11 & 12).

　　　　Plaintiff's attorney, Greg Giles, filed Plaintiff's Application And Affidavit For

Attorney's Fees Under 28 U.S.C. 2412 The Equal Access to Justice Act (EAJA)[1], on

November 3, 2005 (Doc. #13).  The Commissioner responded on November 15, 2005 (Doc.

#15).  This matter is now ready for consideration.

　　　　*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits

was substantially justified.  The Commissioner has the burden of proving that the denial of

benefits was substantially justified.  *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

　　　　Plaintiff is the prevailing party in this matter.  The Commissioner does not oppose the

award of a reasonable attorney's fee under the *EAJA,* does not object to the hourly rate

---

　　[1] *The Equal Access to Justice Act* (hereinafter the "*EAJA*").  *28 U.S.C. § 2412.*

requested by plaintiff's counsel and does not dispute the number of hours expended by counsel. The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984).*

-2-

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2412(d)(2)(A).* Plaintiff's attorney requests an award under the *EAJA,* at the rate of $125.00 per hour for the 24.2 hours which he asserts were devoted to the representation of plaintiff in this Court. As previously noted, the Commissioner has raised no objection. We note that an award based upon this hourly rate, reflecting an increase in the cost of living as set by Congress, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990).* Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour.

Further, we have reviewed counsel's itemization of time contained in his Affidavit (Doc. #13). Defendant has not objected to the number of hours for which counsel seeks a fee award, and we find the time asserted to be spent in representation of the plaintiff before the district court, to be reasonable. Thus, we find that plaintiff's counsel is entitled to compensation under the *EAJA* for 24.2 hours.

Accordingly, we find that counsel is entitled to compensation for 24.2 hours at the rate of $125.00 per hour, for a total attorney's fee award of $3,025.00 under the *EAJA.*

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 6th day of January, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)